**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:**<br><br>**DAVID FIORI, JR. d/b/a INTEGRATED ELECTRONIC TECHNOLOGIES,**<br><br>        Debtor. | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 09-10960** |
| **PRECISION INTERFACE ELECTRONICS, INC.,**<br><br>        Plaintiff,<br><br>        v.<br><br>**INTEGRATED ELECTRONIC TECHNOLOGIES and DAVID FIORI, JR.,**<br><br>        Defendants. | **Adversary No. 10-00194-mdc** |

**JOINT PRETRIAL STATEMENT**

A.   <u>Basis of jurisdiction</u>.

This adversarial action to determine dischargeability of a debt is a core proceeding under 28 USC §157(b)(2)(I) and §1334.

B.   <u>Statement of uncontested facts</u>.

Plaintiff PIE is a private company in California that manufactures and distributes consumer electronic equipment for use in automobiles. PIE contracted with Debtor, a resident of this judicial district (via his sole proprietorship Integrated Electronic Technologies), to provide research and consulting efforts in support of the development of PIE's products. Debtor and PIE entered into several written agreements with respect to this arrangement. Debtor was primarily paid a royalty on products sold, with reimbursement for development-related expenses.

Over the course of 10 years PIE paid Debtor royalties and other amounts. In September of 2007, PIE discontinued payments to Debtor, and thereafter periodically served Debtor with royalty statements crediting all royalties earned through the date of such statement by Debtor against amounts that were previously paid to Debtor by PIE over and above the royalties that Debtor was entitled to pursuant to the written agreements.

In June 2008, the Debtor filed arbitration claims against the plaintiff, alleging:

1. Breach of Contract

2. Quantum Meruit

3. Fraud

4. Breach of Good Faith and Fair Dealing

5. Injunctive Relief

6. Patent Infringement

Plaintiff counterclaimed in the arbitration proceeding for:

1. Unjust Enrichment for Erroneous Overhead Contributions.

2. Return of $448,091.50 in Advance Royalties.

3. Breach of Contract by IET.

4. Compensation for Equipment Held by IET and Recalculation of Royalties.

5. Declaratory Judgment Establishing PIE's Right to Manufacture, Distribute and Sell All Covered Products Without Royalty Fees.

The parties agreed to an award without reasoning, and the arbitrator entered an arbitration award in the form attached hereto as Exhibit 1.

2. <u>Statement of facts which are in dispute</u>.

The parties dispute:

Whether or not Fiori obtained the funds paid by PIE by way of false pretenses, a false representation, or actual fraud (other than a statement respecting Fiori's financial condition)?

Whether Fiori engaged in making a false pretense, a false representation or actual fraud in connection with the sums advanced to Fiori, and whether or not the plaintiff justifiably relied upon Fiori's false pretenses, a false representation, or actual fraud to repay the sums advanced?

What amount of earned royalties should be credited against the advance royalties paid to Fiori by PIE, particularly since May of 2008.

Whether or not Fiori used false pretenses, a false representation, or actual fraud to cause Plaintiff to believe that Fiori would complete the design of specific products in a specific time frame?

Whether or not the plaintiff justifiably relied upon false pretenses, a false representation, or actual fraud by Fiori to complete the design of specific products in a specific time frame?

Whether or not the plaintiff's claimed damages were proximately caused by its justifiable reliance upon a false promise by Fiori to complete the design of specific products in a specific time frame?

Whether Fiori willfully and maliciously injured PIE by way of delivery promises made between September 2007 and May 2008?

3. <u>Damages or other relief</u>.

PIE requests that the arbitration award be declared non-dischargeable.

4. <u>Legal Issues</u>.

The ultimate legal issues are whether the plaintiff's arbitration award of $448,091.50 plus interest, representing royalties advanced over and above royalties due and owing, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and whether the plaintiff's arbitration award

3

of $166,185 plus interest, representing damages due to Debtor's failure to meet delivery promises, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

In light of this Court's denial of all motions for summary judgment, the parties, while reserving their respective rights of appeal on all issues raised in those motions, agree for purposes of trial to the following legal issues:

> the $448,091.50 portion of the arbitration award represents a "debt for money" under § 523(a)(2) however plaintiff must prove whether or not any or all of it is non-dischargeable under § 523(a)(2)(A). To prevail on a complaint brought under § 523(a)(2)(A), a the plaintiff bears the burden of proving the following elements by a preponderance of the evidence:
>
> 1. that Fiori made a material misrepresentation of fact that he knew at the time was false or contrary to his true intentions;
>
> 2. that Fiori made the representation with the intention and purpose of deceiving the plaintiff;
>
> 3. that plaintiff justifiably relied on the representation; and
>
> 4. that plaintiff suffered a loss (i.e. the amount of the arbitration award $448,091.50) as a proximate cause of the false representation or act.
>
> See, e.g., In re Giquinto, 388 B.R. 152, 165 (Bankr. E.D. Pa. 2008); In re Antonious, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006); In re Glunk, 343 B.R. 754, 759 (Bankr. E.D. Pa. 2006); see also Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991) (regarding preponderance standard); In re Cohn, 54 F.3d 1108, 1114 (3d Cir. 1995).

- Whether or not the plaintiff's claim pursuant to 11 U.S.C. § 523(a)2(A) fails because it is dependent upon a statement respecting the debtor's financial condition.

- The plaintiff must prove whether or not any or all of the $166,185 (plus interest) awarded for failure to meet delivery promises relates to activity on the part of the Debtor which resulted in willful and malicious injury to the plaintiff or plaintiff's property, but in order to have the debt adjudicated non-dischargeable the plaintiff must also identify and prove the elements of an intentional tort either under state law or non-bankruptcy federal law. See § 523(a)(6). *National Fertilizers. Ltd. v. Vepuri*, 2009 Bankr. LEXIS 2781, 18-20 (U.S.B.C. E.D.PA).

5. <u>Witnesses</u>.

Debtor David Fiori

4

      PIE President William Summers

      William Johnson – by deposition

      Edward Lucero – by deposition

6. <u>A list of all exhibits</u>.

For convenience and to avoid confusion, the same exhibit numbers are used as used at the arbitration.

      Plaintiff Exhibits

1. Combined PIE/IET Agreements
2. February 2008 Correspondence
3. IET Discovery Responses
4. PIE-IET payments November 2000
5. PIE-IET payments June 2002
6. PIE-IET payments February 2003
7. IET Response Regarding Parol Evidence
8. April and May 1997 Correspondence
9. May 12, 1997 Fiori Letter
10. April, May and June 1999 Correspondence
11. March 15, 2007, October 22, 2007 and January 28, 2008 emails regarding 5 products
12. February 2, 2008 Fiori Letter
13. May and June 1999 Correspondence **(duplicative of Exhibit 10)**
14. September 2006 Johnson / Fiori Correspondence
15. March & April 2008 Johnson / Fiori Correspondence
16. Fiori/IET Tax Returns
17. All PIE Royalty Statements and Checks and Accountings Sent to IET **(in separate binder)**

5

18. All IET Invoices and Requests for Reimbursement
19. Spreadsheet Detailing Lost Sales on Five Important Products
20. Complete Accounting of Royalties
21. Complete Inventory / Sales History Report
22. All documents Produced in Discovery
23. All documents Listed or Introduced by Claimant

Debtor Exhibits

1. Precision Interface Electronics, Inc./Integrated Electronic Technologies Agreement Addendum 3
2. Email from Bill Summers to David Fiori, Jr. dated 6 Feb 2008
3. Royalty & Retainer Analysis for Integrated, March 2002 to February 2003 – document # PIE-000053
4. Letter of April 23, 1997 from Bill Summers to David Fiori, Jr. – document #s PIE 000075 to 000080
5. Letter of Bill Summers to David Fiori,Jr. dated May 25, 1999 with attached statement of account as of 5/27/99
6. Letter of Bill Summers to David Fiori,Jr. dated June 1, 1999 with attached projected protocol converter sales – documents #s PIE 000096 through 000099
7. Protocol Converter Sales Projection – 2/4/00
8. Letter of David Fiori, Jr. to Bill Summers send as attachment to email dated September 13, 2006.
9. Email from Bills Summers to David Fiori, Jr. dated 11 Mar 2008 – document # PIE 000134
10. Email from Bill Johnson to David Fiori, Jr. dated 22 Apr 2008.
11. Email from Bill Johnson to David Fiori, Jr. dated 28 Apr 2008

Documents Which the Defendant may Offer if the Need Arises

1. April 17, 1997 fax from David Fiori to Bill Summers
2. May 5, 1997 letter from Summers to Fiori (with enclosures)
3. April 25, 1997 & May 5, 1997 letters from Fiori to Summers (with enclosures)
4. May 15, 1997 Market Projection for PIE/IET for Ford Audiovox
5. October 1998 Monthly Retainer for IET
6. January. 11, 1999 letter from Summers to Fiori
7. January 29, 2000 letter from Summers to Fiori, et al.
8. Drafts of 6/13/00 Addendum 2,with typewritten notes from Bill Summers & David Fiori interspersed
9. Emails from Fiori to Judd Sugay & Eddie Lucero (6/7/06, 6/9/06, 8/1/06, 8/18/06, 8/28/06, 4/17107, 5/1/07, 6/12/07, 9/10/07 & 12/5/07)
10. September 12, 2006 letter from Bill Johnson to Fiori
11. January. 2, 2008 Letter from Fiori to Summers
12. Emails from Summers to Fiori (1/24/08, 3/11/08 & 4/3/08)
13. Ernails from Fiori to Summers (1/28/08, 2/15/08 & 4/3/08)

    14. Ernails from Summers to Lucero (1/25/08 & 2/18/08)
    15. Emails from Sugay to Fiori (2/1/08, 2/12/08, 3/6/08 & 4/1/08)
    16. February 14, 2008 email from Fiori to Sugay (with Sugay's signature)
    17. 3/21/08 fax cover sheet from Fiori to Sugay
    18. Emails from Fiori to Johnson (10/22/07, 4/8/08, 4/28/08 & 5/19/08)
    19. Email from Johnson to Fiori dated 4/25/08
    20. April 22, 2008 email from Summers to Johnson, Sugay & Fiori
    21. All invoices submitted by IET to PIE
    22. All checks sent by PIE to IET
    23. All Inventory Sales History Reports (including Inventory Sales History Reports dated 7/3/98 & 9/9/98 which include hand-written notes)
    24. All PIE Statements sent to PIE, including those dated 5/27/99, 9/3/99 (with hand-written notes), 11/13/02, 4/25/03 (attaching cash flow summary) & 7/24/03
    25. List of Payments Statement from PIE to IET dated 2/1/00, 3/2/00 & 5/8/00 ,(with hand-written notes)
    26. PIE Inventory Valuation Report
    27. All PIE Monthly Sales Recaps (along with hand-written notes thereon)
    28. David Fiori notes from conversations with Billy Johnson (10/12/07 - 11/21/07)
    29. November 21, 2007 draft email from Fiori to Johnson (unsent)
    30. List of every instance where somebody from PIE called IET's office and left a message for Fiori
    31. Itemized summary of IET's expenses from October 2001 —December 2001, 2007 and January 2008 - May 2008
    32. May 30, 2008 Cease and Desist Notice
    33. PIE discovery responses
    34. IET discovery responses
    35. All demonstrative evidence, including charts and diagrams, showing IET royalty amounts on monthly basis and monthly sales of IET/Fiori Products
    36. All documents produced in discovery
    37. All documents listed or introduced by plaintiff

7. <u>A list of each discovery item and trial deposition</u>.

See above. The parties have stipulated that live testimony will not be taken of any PIE employee other than William Summers, but the deposition testimony of those other employees may be introduced into evidence.

8. <u>Estimated trial time and scheduling issues</u>.

3 days testimony. William Summers lives and works in California, and so would have to travel for the proceedings, and would prefer to travel only once if possible.

9. <u>Certification</u>.

The parties have discussed settlement but are simply too far apart to discuss it further at this point.

                                Respectfully submitted,

| THE BEASLEY FIRM, LLC | ROTHBERG & FEDERMAN, P.C. |
|---|---|
| By: /s/ Maxwell S. Kennerly | By: /s/ Kenneth D. Federman |
| MAXWELL S. KENNERLY | KENNETH D. FEDERMAN |
| 1125 Walnut Street | 3103 Hulmeville Road, Suite 200 |
| Philadelphia, PA 19107 | Bensalem, PA 19020 |
| 215.592.1000 | |
| 215.592.8360 (telefax) | |
| | |
| Attorney for Plaintiff | Attorney for Defendant |

8